PER CURIAM.

(No. 5699—Claimant )

JOSEPH M. CROUGHAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 18, 1974.*
*Petition of Respondent for Rehearing denied May 20, 1974.*

GORDON AND BRUSTIN, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER and MARTIN SOLL, Assistant Attorneys General, for Respondent.

BURKS, J.

While driving his motorcycle on a state highway, claimant struck a hole at the edge of the pavement. This caused an accident in which claimant sustained personal injuries and property loss for which he seeks damages, basing his claim on the alleged negligence of the respondent in the maintenance of its highway.

While engaged in a project to upgrade Route 83 in Villa Park, respondent provided a temporary detour for traffic. Claimant's accident occurred at the point where this northbound temporary detour joined the original Route 83 south of Washington Street in Villa Park. Here the two lanes of the northbound detour came directly into the original Route 83 at almost a 45 degree right angle. Claimant's photo exhibits show that the paved portion of the detour widens in a slight curve at the point where it joins Route 83 for use of vehicles making the right angle turn. Within this curved portion of the detour and at the very edge of Route 83 is the hole which claimant struck with his motorcycle. The hole is approximately 3 feet in circumference. Photos show that the asphalt had crumbled away at the edge of Route 83 adjoining a rut and wash-out about 12 inches deep on the shoulder, exposing the cement foundation of the black top pavement.

Were it not for the detour which entered Route 83 at this point, the hole would be mostly on the shoulder of Route 83 and not in the paved portion of the highway. However, the hole was within the right lane of the detour as indicated by the painted white lines marking the right hand edge of the detour roadway.

Even if we concluded that the hole were on the shoulder, we do not believe the State would be absolved from responsibility under our ruling in *Lee v. State*, 25 C.C.R. 29, in which we said at page 34:

"While the State must use reasonable care in maintaining the shoulder of a highway, there is no basis to hold that a difference of three or four inches in the levels of the road and shoulder constitutes a dangerous condition per se."

In the case at bar, the hole was 12 inches deep, a fact that would alone distinguish it from *Lee*. Moreover, we conclude from examining the photo exhibits that the hole may have been partially on the shoulder but mostly within the main roadway of the detour.

We turn next to the question as to whether the State had actual or constructive notice of this dangerous hole in the highway, as essential element which claimant must prove as we stated in *Dockery v. State*, 18 C.C.R. 177, *DiOrio v. State*, 20 C.C.R. 53, and *Visco v. State*, 21 C.C.R. 480.

In *Visco* (Supra) we held that . . .

"Where evidence showed that a hole in pavement 16 inches wide, 30 inches long and 10 inches deep had *existed for a week,* the State could be charged with constructive notice of such condition of the highway."

In the case at bar, claimant's witness, Joseph Tate, confirmed the accuracy of claimant's photo exhibits; recognized the hole in question; and testified that he knew that the hole had been there "2 or 3 months" prior to claimant's accident, because he had "hit the hole a few times" with his truck. Tate's truck was a Hendrixon Tractor with a 40 foot trailer which he drove over this route about twice a week. Manifestly, the hole would be less hazardous to such a truck than it would be to a motorcycle.

Respondent urges the court to give little weight to Tate's testimony that the hole had been there for "2 or 3 months", since the detour had been opened to traffic only 2 weeks before claimant's accident. Respondent's argument does not alter the facts to which Tate testified. Obviously, the location of the hole did not change, nor

suddenly appear, when the detour was opened. The hole had existed for some time on the shoulder of Route 83. It was directly in the path of the detour and became a hole in the highway when the detour was opened. The record shows that Tate undertook to explain this in his testimony, and we believe he adequately did so.

We believe that Joseph Tate was a competent witness. He had less reason to be partial than the 2 witnesses from the Highway Department who drove through and inspected the area, 2 weeks before the accident, without noticing the hole or any defect in the road. In any event, the photo exhibits conclusively show that the hole had been in existence for some considerable period of time, longer than necessary to constitute constructive notice to the State under the rule in *Visco* (Supra).

Finally, we turn to the question as to whether claimant was free from contributory negligence.

The record shows that claimant was proceeding at about 25 m.p.h. in a northerly direction on his motorcycle in the right hand lane of the temporary detour. Immediately at his left was an automobile also northbound. As both vehicles approached the end of the detour where they would turn right onto Route 83, the automobile swung into claimant's lane, taking up half of it and forcing claimant to ride in the extreme right portion of the lane where the hole was located.

Claimant said the hole was barely visible to northbound traffic, and he didn't see it until he was right on top of it. His statement as to the visibility of the hole was confirmed by respondent's witness who never did see it during their inspection. Yet, the photo exhibits gave mute testimony that the hole was there. So does the fact that claimant's motorcycle hit the hole, bounced up and

onto the bumber of the car that was on his left, then slid about 30 feet. Claimant rolled over and over ending up 40 feet from the point of impact.

Claimant admits that he had traveled the accident route twice before but had not previously noticed the hole. This is understandable since the hole was not noticed by the State inspectors. Claimant admits that he was aware of the numerous signs indicating the detour and the large 8 foot sign reading "Road Under Construction. Please Drive Carefully". The record indicates to us that claimant obeyed this warning. We find that claimant was free from contributory negligence.

Claimant saw his doctor the next day after his accident. He had pains in his lower back and neck; his hands couldn't close all the way, and knee was swollen. Dr. Charles Pease took x-rays and recommended a course of treatment. Claimant lost 2 days work from his job. The swollen knee condition lasted 3 or 4 weeks, and the pain in his back, off and on, lasted a few months. His doctor bill was $55. His motorcycle which he had purchased new 6 months before for $850 was a total wreck. It had a salvage value of $25.

For his injuries, loss of time and property damage, the claimant is hereby awarded damages in the sum of twelve hundred dollars. [$1,200.00]