(Nos. 5671 and 6055 (Consolidated)—)

MARGARET MANOS, Administrator of Estate of HARRY MANOS, deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 16, 1975.*

ROBERT LISCO, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, for Respondent.

HOLDERMAN J.

This is a cause of action brought by claimant against respondent, State of Illinois, for the death of claimant's husband.

The claimant alleges that the respondent negligently failed to maintain a section of Roosevelt Road, approximately 1000 feet west of Ardmore Avenue, in the Village of Villa Park, County of DuPage and State of Illinois.

On January 31, 1969, at about 1:00 p.m., the decedent, Harry Manos, was the owner of a certain station wagon which he was driving in an easterly direction on Roosevelt Road, the place above mentioned. The claimant charges that the deceased struck a large chuck hole in the road, causing his car to go out of control and collide with a utility pole alongside Roosevelt Road and, as a result of the injuries he received in this accident, Harry Manos died on February 27, 1969.

Claimant called Ralph Franklin North, a police officer for the Village of Villa Park, who testified that he arrived at the scene immediately after the accident and conducted an investigation. He took some pictures of the accident, including a picture of the chuck hole which allegedly caused the car to swerve, resulting in the death of the claimant's husband. The picture indicates there was a large chuck hole about three feet two inches wide and three and three-fourths inches deep.

James J. Gorman was also called as a witness for the

claimant. Mr. Gorman testified that he was following the car of the deceased and that the road was very rough, causing difficulty in driving, and he described the driving as "turbulent." This witness also testified the decedent was travelling between 45 and 50 miles an hour and that when decedent struck one of the chuck holes, his car went out of control and struck the utility pole, wrecking the car and causing the death of decedent.

Claimant also called Robert Bartel, who operates a service station approximately 1,000 feet west of the utility pole that was struck by decedent's car. He testified that he was on the scene immediately after the accident as he was attracted to the accident because of the noise caused by the force of the impact. He further testified there were deep chuck holes in the road where the accident occurred and that on previous occasions many other cars had lost their hub cabs after striking the chuck holes and that on many occasions drivers would stop at his gas station inquiring about their lost hub caps. This witness further testified that these chuck holes had existed at least 30 to 60 days before the accident in question. He further testified, that cold patching was very often done on the road but cold patching did not hold because of the weather and heavy traffic. He also stated he had seen crews put in cold patching one day and in two days it would be gone. He also testified the hole in question was "big enough to swallow a wheel" and that it was about a foot deep and a couple of feet in width.

The widow, Margaret Manos, testified to the effect that the decedent was a chef at the Trotter's Restaurant, that he was 53 years of age, and earning about $100.00 per week at the time of his death. She also identified medical and hospital bills which were admitted into evidence and they are as follows:

| | |
|---|---|
| Dr. Eugene Fitzgerald | $ 750.00 |
| Elmhurst Clinic | 750.00 |
| Dr. John E. Finch | 810.00 |
| Gibbons Funeral Home | 1,770.00 |
| Memorial Hospital of DuPage | 6,431.26 |

Also admitted into evidence were Letters of Office in the decedent's estate and decedent's Income Tax Returns.

It was stipulated by and between the parties that the highway in question was a State highway and that Harry Manos died as a result of the accident in question, and that such is evidenced by the death certificate and coroner's certificate which were admitted into evidence.

Joseph Koster, head of the Regional Safety Division for the State of Illinois Department of Transportation, was called as a witness for respondent and he testified that crews had been working in the area of the accident a few days before the date of the accident in question. He further testified that cold patching could come out within a matter of hours. He stated that this highway was reconstructed in 1972.

The law in the State of Illinois is clear. In order for a claimant in a tort action to recover against the State, he must prove that the State was negligent; that such negligence was the proximate cause of the injury; and that claimant was in the exercise of due care and caution for his own safety. *McNary* vs. *State of Illinois*, 22 C.C.R. 328; *Link* vs. *State of Illinois*, 24 C.C.R. 69. This Court has held many times that the State is not an insurer of all persons traveling upon its highways. *McNary* vs. *State of Illinois*, 22 C.C.R. 328; *Link* vs. *State of Illinois*, 24 C.C.R. 69.

It is also apparent from the evidence, that the deceased was not a constant user of the area in which the accident occurred, although at times he did use this

thoroughfare but not frequently enough to be aware of the situation that caused the accident.

It is clear in the case at bar, that the deceased was not guilty of contributory negligence which contributed to his death. It is also clear that the negligence of the State in allowing the chuck holes to exist was the proximate cause of the accident.

There being no contributory negligence on the part of the deceased, it is the opinion of this Court that an award should be made in the amount of $25,000.00.

Claimant is hereby awarded the sum of $25,000.00.