(No. 80-CC-029▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

LINDA WEISLO, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 7, 1984.*

GERALD C. BENDER, for Claimant.

NEIL F. HARTIGAN, Attorney General (FRANCIS M. DONOVAN, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

This is a claim for personal injury sustained by Claimant, as a result of an automobile accident that occurred on March 11, 1979, on Mannheim Road, just south of Zemke Road in the city of Chicago, Cook County, Illinois.

The evidence clearly showed that the State of Illinois was responsible for the maintenance of the highway at that time. The evidence further showed that the road was in a hazardous condition.

It is Claimant's contention that she was driving her car southward on Mannheim Road near Zemke Road, struck a rough grade and a pothole in the pavement, thereby causing her to lose control of her vehicle, veering off the roadway and striking a utility pole. The car was a total wreck. The accident occurred at approximately 4:30 p.m.

An eyewitness to the accident, Donald Wagner, testified that at the time of the accident, the pothole that Claimant struck was in existence for about a month and that he traveled Mannheim Road daily as a truck driver and learned to slow down and drive on the shoulder of the road to avoid the pothole.

As a result of the accident, Claimant suffered a broken jaw and other injuries to her arm and face. Claimant has a scar across her face approximately 3 inches long. Because of the broken jaw, there is an overlapping portion of scar and a bony pathology which is visible on her face that is a permanent condition and causes much pain in the cold weather. Claimant also has problems eating.

As to her scar, additional surgery to lessen the appearance of the scar would cost approximately $900.00. Even after surgery the scar would not be erased but would be permanent.

At the time of the accident, Claimant's car was worth about $850.00. After the accident, Claimant sold her car for scrap for $35.00.

Respondent's witness, Roman Kostelyna, was employed as the yard technician for the Illinois Department of Transportation at the North Side garage located at Harlem and Irving in Chicago. He testified that the southbound lanes of Mannheim Road fall within the jurisdiction of the North Side garage, that making regular inspections of that section of Mannheim Road was part of his duties and that during the winter months potholes are patched with cold patch, a temporary type of asphalt material with a life expectancy of only a few weeks. Mr. Kostelyna, having viewed Claimant's and Respondent's exhibit of the pothole, described it as a hazard.

Mannheim Road is regarded as a high density route whose heavy high-speed traffic would knock the cold patch out of the ground. The evidence is to the effect that this was a very poorly maintained highway.

Evidence was introduced to the effect that none of the repairs were of a recent date. It is clear that the State had actual, as well as constructive, knowledge of the hazardous condition of the highway.

Claimant, before she can recover, must prove she was free from contributory negligence. It is clear from the record that she was traveling the highway as any motorist has a right to do and that her driving did not in any manner contribute to the accident. She testified that

she hit the pothole, went off the road and struck the utility pole.

From the evidence, we find that the State was negligent in allowing the pothole, a dangerous condition, to exist on the highway and that the State's negligence was a direct and proximate cause of Claimant's injuries, that this dangerous condition existed for a long period of time, giving the State constructive notice of said dangerous and hazardous condition, and that the Claimant was in the exercise of ordinary care and was not guilty of contributory negligence. *Croughan v. State*, 29 Ill. Ct. Cl. 434; *Manos v. State*, 30 Ill. Ct. Cl. 639.

For her injuries, loss of time and property damages, the Claimant is hereby awarded damages in the sum of sixteen thousand ($16,000.00) dollars.